IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMIRAL PAYCHECK SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 07-0066 |
| ) | |
| PAYCHEX, INC., ) | Judge Cercone |
| ) | Magistrate Judge Hay |
| Defendant. ) | |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the motion to remand submitted on behalf of Admiral Paycheck Services, Inc. (Dkt.[6]) be denied.

II.  REPORT

Plaintiff, Admiral Paycheck Services, Inc., brought this defamation action against Defendant, Paychex, Inc., in the Court of Common Pleas of Allegheny County, Pennsylvania, which Defendant subsequently removed to this Court. Plaintiff has now filed a motion arguing that pursuant to 28 U.S.C. §1446(b), removal was untimely.

Background

According to the Complaint, both Plaintiff and Defendant were engaged in the business of operating a payroll service at all times relevant hereto. On or about April 30, 2003, an article was published in the Union Democrat, a newspaper in Sonora, California, averring that Admiral Business Services had failed to meet its contractual obligations to its customers by failing to remit payroll taxes, resulting in financial losses and tax penalties to its customers. Complaint ¶ 6.

Plaintiff alleges that on or about April 30, 2003, Fernando Montero, while employed by and acting within the course and scope of his employment with Defendant, altered the date, business name and location of the Union Democrat article to falsely reflect that it was Plaintiff who had failed to meet its contractual obligation to its customers by failing to remit payroll taxes and thereafter published and disseminated said article to Plaintiff's customers, clients and/or potential customers or clients and tortuously interfered with Plaintiff's contractual relations.  Complaint ¶¶ 5, 7 and 8.  Plaintiff further alleges that Defendant knew or should have known that the defamatory statements set forth in the subject newspaper article were false or recklessly disregarded their falsity.  Complaint ¶ 9.

Plaintiff claims that as a result of the conduct of Defendant and Defendant's employees, Plaintiff was caused to suffer injury to its integrity and reputation, public hatred, contempt and/or ridicule, as well as loss of customers, clients, business, income and profits, as well as an impairment of its future earning capacity and ability to obtain and keep customers, clients and business.  Plaintiff demands judgment in its favor and against Defendant in an amount in excess of the arbitration limit ($25,000 in Allegheny County) and punitive damages.  Complaint ¶¶ 10-15.

Procedural History Relating to Remand Action

Plaintiff filed the instant Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on November 2, 2006, and Defendant was served on or about November 13, 2006.  See Notice of Removal.  On January 4, 2007, the parties held a settlement conference at which time Plaintiff, through counsel, made a demand of $200,000 to settle this matter.  Defendant filed a Notice of Removal on January 16, 2007, based on diversity, and on January 30,

2007, Plaintiff filed this Motion to Remand the matter to state court arguing that removal was untimely.

Discussion

A defendant has the right to remove a civil action from state court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). See In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). Where removal is based on diversity, jurisdiction is properly exercised only where the amount in controversy requirement is satisfied and there is complete diversity of citizenship between the parties. Id. See Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) ("[T]he requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as to litigation filed originally in the federal court").

Further, under 28 U.S.C. §1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff contends that Defendant was first able to ascertain that the case was removable on November 13, 2006, when it was served with the Complaint, making any attempt to remove the case on or after December 14, 2006 untimely and improper. Defendant, however,

3

contends that the amount in controversy is unclear from the Complaint and that it was not able to ascertain that the federal jurisdictional threshold had been met or that the case was removable until January 4, 2007, when Defendant made a demand of $200,000.00 at the settlement conference.  Defendant therefore argues that it had 30 days from that date, or until February 3, 2007, to remove the case rendering its removal here timely.

Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint.  The court must determine from that face of the pleadings that it is "apparent, to a legal certainty" that the plaintiff can recover the jurisdictional amount.  Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 397, citing St. Paul Mercury Indemnity Co. V. Red Cab Co., 303 U.S. 283, 289 (1938).

Plaintiff contends that it is evident from the Complaint that the federal jurisdictional threshold has been met since it has alleged therein that as a result of Defendant's conduct it has suffered injury to its integrity and reputation, public hatred, contempt and/or ridicule, as well as loss of customers, clients, business, income and profits.  See Complaint ¶¶ 11-14.  Plaintiff has also alleged that Defendant's conduct was negligent, outrageous, malicious, willful, wanton and with reckless indifference to Plaintiff's interests and was contrary to the public policy of the Commonwealth of Pennsylvania, thereby warranting an award of punitive damages.  Complaint ¶ 15.

As argued by Defendant, however, the Complaint does not indicate how much business was allegedly lost nor does it identify how many customers were lost or what income or profits Plaintiff allegedly lost as a result.  Nor does Plaintiff allege what the revenue or profits from an average customer are so that it could be estimated whether the loss of customers had risen to the level of the jurisdictional limit.  Although a plaintiff in defamation cases need not

prove special harm or a pecuniary loss, it must nevertheless prove general damages or actual harm to its reputation that was caused by the publication. Brinich v. Jenka, 757 A.2d 388, 397 (Pa. Super. 2000). Because the diversity statute speaks in terms of dollars, such damages must necessarily be translated into monetary sums. See Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d at 398-99. The absence of any specific allegations regarding the nature of Plaintiff's alleged business loss or the damages suffered as a result of the alleged defamation makes it virtually impossible to assess the value of Plaintiff's claim. Under these circumstances, it cannot be said that it is apparent "to legal certainty" from the face of the Complaint that plaintiff could recover the jurisdictional amount. As such, contrary to Plaintiff's position, it does not appear that the case was removable at the time the complaint was filed.[1]

It does appear, however, that Defendant was first able to ascertain that the amount in controversy met the jurisdictional requirement and, thus, that the case was removable on January 4, 2007, when Plaintiff issued a demand of $200,000.00. It therefore appears that removal on January 16, 2007, which was within the 30 days mandated under 28 U.S.C. § 1446(b), was timely.[2]

---

[1] Moreover, the fact that Plaintiff has requested punitive damages does not appear sufficient to alter our conclusion, given that punitive damages must bear a reasonable relationship to the compensatory award and are discretionary in nature. See Sulecki v. Southeast Nat'l Bank, 516 A.2d 1217, 1219 (Pa. Super. 1986).

[2] Because we have found that the amount in controversy was not ascertainable from the face of the Complaint and that the case was timely removed, we need not address Defendant's argument that Plaintiff's failure to allege specific damages was an attempt to foil removal to federal court. See Kobaissi v. American Country Insurance Company, 80 F. Supp. 2d 488, 490 (E.D. Pa. 2000) ("A plaintiff may not seek to defeat a defendant's statutory right of removal by artful pleading that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in a state court.") We note, however, that under Pa. R. Civ. P. 1021(b) "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Thus, while it is true that the courts frown on artful pleading that artificially minimizes the damages at issue for purposes of federal jurisdiction yet permits recovery of higher damages in a state court, it appears that Plaintiff was merely fulfilling its statutory requirements rather than artfully disguising the true amount in controversy.

For these reasons, it is recommended that the motion to remand submitted on behalf of Admiral Paycheck Services, Inc. (Dkt. [6]) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

*/s/  Amy Reynolds Hay*
United States Magistrate Judge

Dated: 23 July, 2007

cc:     Hon. David Stewart Cercone
        United States District Judge

        All counsel of record by Notice of Electronic Filing