IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMIRAL PAYCHECK SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:07cv66 |
| v. ) | Electronic Filing |
| ) | |
| PAYCHEX, INC., ) | Judge Cercone |
| ) | Magistrate Judge Hay |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 7th day of September, 2007, plaintiff, Admiral Paycheck Services, Inc., having filed an action in the above-captioned case, and defendant, Paychex, Inc., having removed the action from the Court of Common Pleas of Allegheny County, and plaintiff having filed a motion to remand the case, and after a Report and Recommendation was filed by the United States Magistrate Judge recommending the motion be denied and granting the parties ten days to file written objections thereto, and upon due consideration of the objections filed by plaintiff and defendant's response thereto, and after independent review of the record,

IT IS ORDERED that the Motion to Remand (Dkt. No. 6) be, and the same hereby is, DENIED. The report and Recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are unavailing. As to damages, the complaint sought an unspecified amount in excess of the arbitration limits and it sought an unspecified amount of punitive damages. Beyond these general allegations it did not contain any specific insight into the quantification of plaintiff's claimed damages. Even after the context of the alleged harm is taken into account, the only deduction that can properly be made from such general damage allegations that is that the amount in controversy was in excess of $25,000.00. Under such circumstances a defendant cannot be held to have forfeited its statutory right of removal by failing to guess that the amount in controversy actually was at issue.

Furthermore, plaintiff's reliance on the "legal certainty" standard in <u>Samual-Basset v. Kia Motors America, Inc.</u>, 357 F.3d 392, 397-98 (3d Cir. 2004), is misplaced. That standard comes into play where the parties dispute whether the amount in controversy will ever reach the threshold level for diversity, and thus whether subject matter jurisdiction exists. Here, plaintiff concedes that it does and the issue is when defendant first obtained proper notice of it. On this score the report and recommendation aptly concludes that defendant timely removed the action. It follows that plaintiff's motion to remand must be denied.

*/s/ David Stewart Cercone*
David Stewart Cercone
United States District Judge

cc:  Honorable Amy Reynolds Hay
United States Magistrate Judge

Stephen J. Summers, Esquire
Summers, McDonnell, Walsh & Skeel
707 Grant Street
Gulf Tower, Suite 2400
Pittsburgh, PA 15219

Bryan S. Neft, Esquire
Pietragallo, Bosick & Gordon LLP
One Oxford Centre
38th Floor
Pittsburgh, PA 15219